UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

In Re: DANIEL MURIN

                                   CASE NO: 13-22302-BKC LMI

Debtor.

_____/

**MOTION FOR SANCTIONS AGAINST CITIMORTGAGE, INC. FOR FAILING TO PARTICIPATE IN THE COURT ORDERED MORTGAGE MEDIATION PROCESS IN GOOD FAITH**

      COMES NOW the Debtor, DANIEL MURIN, by and through the undersigned attorney and files this Motion For Sanctions Against Citimortgage, Inc. For Failing to Participate in the Court Ordered Mortgage Mediation Process in Good Faith and as grounds therefore states:

1. That debtor and creditor agreed to participate in the mortgage modification program whereby creditor would modify the mortgage if debtor could demonstrate that he could afford to pay the mortgage balance on terms within the customary terms of modifications being offered *to the public at large.  The Court entered an Order of Referral to Loss Mitigation Mediation on August 5**, 2013.**

2. That debtor has been making LMM payments since **JUNE, 2013** on a timely basis.  His payment history clearly demonstrates that he can afford to make the modified mortgage payment.

3. That Debtor's current mortgage was a 15 year amortizing mortgage.  The mortgage could be modified by simply making the loan a 30 year amortizing loan.  Normally, debtors try to modify the loan by making the loan at issue into a 40 year loan with an interest rate as low as 2%.  Debtor has never requested such treatment.

4. That debtor has continuously provided proof of his retirement income, social security income and his wife's employment income and participated in 5 mediation conferences.

All documentation regarding income has been provided over and over again.  Creditor should have been able to determine that debtor can afford a modified mortgage payment.  Participation in the loan modification process in chapter 13 implies a duty to review the case in good faith to determine if a debtor can establish ability to pay the debt within the normal guidelines of mortgage modification as set forth in the various government programs.  In the case at hand, debtor has only asked that the loan be made into a normal 30 year amortizing loan...not the holy grail of modification....2% for 40 years.

5. Ultimately, Citimortgage, Inc. recently informed the undersigned that the "investor" would not entertain modifying the mortgage because debtor had previously filed a chapter 7 bankruptcy case and did not reaffirm the debt.

6. Reaffirmation of the debt is not necessary in order to modify a mortgage.  The undersigned was informed by Citimortgage's counsel that the investor has decided that he/she/it doesn't modify a mortgage that was included in a chapter 7 case and was not reaffirmed in that case.  Citimortgage, Inc. knew that Debtor had filed a chapter 7 case previously and did not reaffirm the debt and chose to proceed with the modification process as if it were a real

possibility.  No basis existed to deny the modification as Debtor clearly demonstrated his ability to make the payments so it chose to use the failure to reaffirm the debt in the Chapter 7 case as its basis for the denial of the mortgage modification.  This smacks of "bad faith" and must not be tolerated by the Court.  The Court's Order of Referral to Loss Mitigation carries with it the covenant that the parties thereto negotiate in good faith.

7.  Debtor believes that the Court must send a loud and clear message to all lenders participating in the court's mortgage modification program that they must participate in good faith.  Debtor asks that the Court impose a sanction of ordering Citimortgage, Inc. to satisfy the mortgage lien in full.  If the Court does not wish to impose that sanction, then at the very least the Court should order that the mortgage loan be deemed current and that the outstanding debt be reduced to what the amortization schedule would show the outstanding debt to be as of now had all of the past due payments been made timely.

WHEREFORE, the Debtor, DANIEL MURIN, prays that the Court sanction CITIMORTGAGE, INC. as referenced in paragraph 7 above and such other relief that the Court deems appropriate, including attorney fees.

                              Jared Kullman
                              _____
                              Jared J. Kullman
                              Attorney For Debtor
                              1910 S. State Road 7
                              Miramar, FL 33023
                              (954) 629-9319
                              Bankruptmenow@yahoo.com